```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-CV-60924-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
```

BRANDON SAMUEL PRIEST,           :

    Plaintiff,               :

vs.                              :          REPORT OF
                                            MAGISTRATE JUDGE
FRAZIER DESTINY, ET AL,          :

    Defendants.              :

## I. Introduction

The Plaintiff, Brandon Samuel Priest, has filed a *pro se* civil rights complaint while confined at the Broward County Jail - North Broward Bureau pursuant to 42 U.S.C. § 1983. (DE# 1). He has been granted leave to proceed *in forma pauperis*. (DE# 5). The complaint, which addresses his allegedly illegal arrest, detention, and prosecution in Broward County case number 16-956CF10A, is presently before the Court for screening.[1]

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

## II. Screening Standard

Because the Plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress from a government entity, this case is subject to the judicial screening provisions of United States Code

---

[1] The Plaintiff filed another *pro se* Section 1983 complaint addressing the same Broward County criminal case in this Court, case number 16-CV-60632-COHN. The undersigned issued a Report on March 31, 2016, recommending that the complaint be dismissed without leave to amend for failure to state a claim upon which relief can be granted. (16-60632 DE# 7). The case is still pending.

Title 28, Sections 1915 and 1915A. Section 1915(e)(2)(B) instructs that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that –
> ...
> (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Id. (emphasis added).

Section 1983 civil rights actions require the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; Polk County v. Dodson, 454 U.S. 312 (1981); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985). In order to state a claim, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; Dodson, 454 U.S. at 312; see Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B) or and Federal Rules of Civil Procedure 12(b)(6) and 12(c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief...."). However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327.

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. If the well-pleaded facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint is insufficient. Id.

### III. Claims

The Plaintiff names as Defendants: Assistant Public Defender

3

Nicole Alphanse Hamil-Scott; State Attorney Michael J. Satz; Broward County Sheriff's Office/ Fort Lauderdale Police Department employees Frazier Destiny, Sergeant Officer McDowell, Juan Alonso, Detective Melvin Hancock, Christopher Young-Tem, Stewart Edward, Luan Malushi, Officer Diaz, and Officer Calvey; and Kesha Pinkney, Charles-Vincent Thompson whose "official positions" are listed as "N/A." (DE# 1 at 1-2).

Construing the allegations liberally and accepting them as true, the Plaintiff, a pretrial detainee at the Broward County Jail, appears to allege[2] that he was illegally arrested in Broward County case number 16-956CF10A[3] on January 23, 2016, based on false information, that he has experienced threats and the excessive use of force, that he is being falsely imprisoned and prosecuted, and that he has been subjected to aggravated assault and possibly negligence.

He seeks dismissal/expungement/acquittal/exoneration of case

---

[2] The undersigned has attempted to identify the claims that the Plaintiff raises in his rambling and conclusory statement of facts that states, *inter alia*:

> Filing suit on ... [Defendants] for severe negative treatment, aggravated assault, unjust due process of law/ failure to comply with penal laws/constitutions/rights/civils/admendments, use or threatened use of force by aggressor (Charles-Vincent Thompson) fabrication/falsification of statement(s), perjury, contempt of law/court, obstruction of justice, false imprisonment, impeaching, failure to comply with applicable discovery rule in which I filed with court 2/24/16 statute 3.220 discovery rule/law defendents listed violated admendments 1980, 1989, 1992, 1996, 1999, 2000 and 2014. This caused my arrest 1-23-16 false arrest/misconduct in case 16-956CF10A despite all listed defendents had ample time to abide by penal laws/ statutes/ of law/ rights/ civils/ constitutions/ admendments....

(DE# 1 at 5).

Any claims or subclaims not specifically addressed in this Report should be summarily dismissed because they are inadequate to proceed.

[3] The Plaintiff asks the Court to "Refer [to] Combined/Joint Case 16-956-CF10A." (DE# 1 at 4).

4

number 16-956CF10A, a verdict due to self defense statutes, compensatory damages for his losses including bankruptcy, court fees, loss of income, and $13 million in punitive damages. (DE# 1 at 5-6). He also requests appointment of an attorney or public defender. (DE# 1 at 6).

## IV.   Discussion

(1)   Parties

   (A)   Defense Counsel

The Plaintiff names as a Defendant the attorney representing him in his Broward County criminal case, Assistant Public Defender Nicole Alphanse Hamil-Scott.

"A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981).

Therefore, the claims against Ms. Hamil-Scott should be dismissed with prejudice.

   (B)   Prosecutor

The Plaintiff names as a Defendant the Broward County State Attorney, Michael J. Satz.

The state prosecutor and his assistants are absolutely immune from a Section 1983 suit for damages. Imbler v. Patchtman, 424 U.S. 409 (1976).

Therefore, the claims against Mr. Satz should be dismissed with prejudice.

(C) <u>Private Individuals</u>

The Plaintiff names as Defendants Kesha Pinkney and Charles-Vincent Thompson, whose "official positions" are "N/A," suggesting that they are private individuals. (DE# 1 at 2). Indeed, the allegations suggest that Mr. Thompson is a witness or is otherwise involved in his criminal case. <u>See</u> (DE# 1 at 5).

To hold that private parties are State actors, one of the following conditions must be met: (1) the State coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). <u>See</u> <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). A private person generally acts "under the color of state law" only when engaged in a conspiracy with State officials. <u>Tower v. Glover</u>, 467 U.S. 914 (1984); <u>Harvey v. Harvey</u>, 949 F.2d 1127 (11th Cir. 1992).

The Plaintiff fails to make any allegations whatsoever that either Mr. Thompson or Ms. Pinkney were acting under the color of state law. Therefore, the allegations against them should be dismissed.

(2) <u>False Arrest, Imprisonment, and Prosecution</u>

The Plaintiff appears to allege that he was illegally arrested and is being falsely imprisoned and prosecuted in Broward County case number 16-956CF10A.

Courts do not generally interfere with ongoing State courts proceedings in which the Plaintiff is represented by an attorney. Principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. See Younger v. Harris, 401 U.S. 37 (1971). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Christman v. Crist, 315 Fed. Appx. 231, 232 (11th Cir. 2009) (citing 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Review of the Broward County online docket reveals that the charges against the Plaintiff in Broward County case number 16-956CF10A are still pending.[4] The Information formally charging the Plaintiff with aggravated assault with a deadly weapon was filed on February 10, 2016, and the case has not yet been resolved.

The Plaintiff has provided no sufficient reason for this Court to overlook the principles of abstention. This Court lacks jurisdiction under principles of abstention to the extent that the relief the Plaintiff seeks would interfere with the State court's judicial process or overturn a State court decision on the merits. See generally Younger, 401 U.S. at 37; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see, e.g, Hollins v. Wessel, 819 F.2d 1073, 1074 (11th Cir. 1987) ("The jurisdiction possessed by district courts is strictly original ..., and review of final judgments of a state court in judicial proceedings is reserved to

---

[4] http://www.clerk-17th-flcourts.org/

the Supreme Court of the United States....").

In the event that the Plaintiff wishes to challenge the fact or duration of his confinement, he must do so by filing a proper habeas petition pursuant 28 U.S.C. § 2241.[5] If the Plaintiff is convicted in the Broward County case, he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction after exhausting his State remedies.[6]

Thus, any challenge to the validity of the ongoing State court proceedings mentioned above is due to be dismissed from this case, including the claims concerning false arrest, imprisonment and prosecution.

(3) <u>Excessive Force</u>

The Plaintiff appears to allege that the Broward Sheriff's Office Defendants threatened him and used excessive force.

The excessive use of force during arrest and pretrial confinement can support a Section 1983 civil rights claim. <u>See generally</u> <u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Kingsley v. Hendrickson</u>, 135 S.Ct. 2466 (2015).

However, the Plaintiff's rambling complaint provides scant factual information. He fails to allege when the alleged excessive

---

[5] Pre-trial habeas petitions are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered. <u>Stacey v. Warden, Apalachee Correctional Inst.</u>, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (citing <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987)).

[6] An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b),(c). The Plaintiff is cautioned that Section 2254 petitions are governed by a one-year statute of limitations. <u>See</u> 28 U.S.C. § 2244.

use of force occurred, under what circumstances, and which of these Defendants are involved in the alleged excessive force incident(s).

No meaningful screening is possible and, therefore, his claims of threats and excessive force must be dismissed. See generally Twombly, 550 U.S. at 570; Fed. R. Civ. P. 8(a),[7] 8(d)(1),[8] 10(b).[9]

(4) Loss of Property

The Plaintiff appears to allege that he has suffered bankruptcy, lost income, and incurred court fees as a result of his false arrest, detention, and prosecution.

This claim is not cognizable under Section 1983. The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under Section 1983. Daniels v. Williams, 474 U.S. 327, 330, 333 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property). Further, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause

---

[7] Rule 8(a) Claims for Relief. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[8] Rule 8(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency. (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

[9] Rule 10 Form of Pleadings. (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The State of Florida provides the Plaintiff with an adequate post-deprivation remedy for the loss of his property. Prisoners may file a tort claim action in state court in order to recover damages for property losses. See § 768.28, Fla. Stat. Because the Plaintiff has access to an adequate post-deprivation remedy, he cannot state a plausible claim that defendants' action for the alleged loss of his property. See Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.") (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991); see also Taylor v. McSwain, 335 Fed. Appx. 32, 34 (11th Cir. 2009) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (citing Hudson, 468 U.S. at 533)).

Thus, the Plaintiff's claim for loss of property is due to be dismissed for failure to state a claim upon which relief can be granted.

(5) Florida Tort Claims
he Plaintiff appears to assert Florida negligence and/or assault claims.

Under 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state law claims related to the

federal court action. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" Jackson v. Stinchcomb, 635 F.2d 462, 470 (5th Cir. 1981)(quoting United Mine Workers v. Gibbs, 383 U.S. 715 (1966)).[10]

Because the undersigned is recommending that the remainder of the Plaintiff's claims be dismissed, the Court should also decline to exercise pendent jurisdiction over the Plaintiff's Florida law claims.

(6)   Motion for Appointment of Counsel

The Plaintiff seeks the appointment of counsel in this proceeding. See (DE# 1 at 6).

A plaintiff in a civil case has no constitutional right to counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). However, a district court may "request" that an attorney represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1). The district court has "broad discretion" in making this decision and should appoint counsel only in "exceptional circumstances." Bass, 170 F.3d at 1320.

The Plaintiff's complaint is insufficient to pass screening and, therefore, his motion for the appointment of counsel should be denied as moot.

---

[10] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

11

V. <u>Conclusion</u>

Based on the foregoing, it is recommended that the complaint be dismissed in its entirety pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted and seeking monetary relief against a defendant who is immune from such relief, the motion for appointment of counsel be denied as moot, and that this case be closed.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report.

Signed this 2nd day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Brandon Priest, pro se
      Jail no. 571600326
      Broward County Jail-NBB
      North Broward Bureau
      Inmate Mail/Parcels
      Post Office Box 407037
      Ft. Lauderdale, FL 33340